UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MICHAEL L.                          :
                                    :
v.                                  :        C.A. No. 19-00518-JJM
                                    :
ANDREW M. SAUL, Commissioner        :
Social Security Administration      :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed his Complaint on October 2, 2019 seeking to reverse the Decision of the Commissioner. On February 3, 2020, Plaintiff filed a Motion to Reverse the Decision of the Commissioner. (ECF No. 10). On March 30, 2020, Defendant filed a Motion for Entry of an Order Affirming the Decision of the Commissioner. (ECF No. 12).

This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties' submissions and independent research, I find that there is substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that Plaintiff's Motion to Reverse (ECF No. 10) be DENIED and that the Commissioner's Motion to Affirm (ECF No. 12) be GRANTED.

## I.     PROCEDURAL HISTORY

Plaintiff filed an application for DIB on January 11, 2018 (Tr. 198-199) alleging disability since June 23, 2016.  (Tr. 119, 215).  The application was denied initially on February 27, 2018 (Tr. 118-125) and on reconsideration on March 1, 2018.  (Tr. 138-141, 144-145). Plaintiff requested an Administrative Hearing.  On October 23, 2018, a hearing was held before Administrative Law Judge Paul W. Goodale (the "ALJ") at which time Plaintiff, represented by counsel, and a Vocational Expert ("VE") appeared and testified.  (Tr. 33-98).  The ALJ issued an unfavorable decision to Plaintiff on December 4, 2018.  (Tr. 12-32).  The Appeals Council denied Plaintiff's request for review on September 6, 2019.  (Tr. 1-3).  Therefore, the ALJ's decision became final.  A timely appeal was then filed with this Court.

## II.    THE PARTIES' POSITIONS

Plaintiff argues that the ALJ erred in assessing his ability to stand/walk and in accepting the VE's opinion testimony.

The Commissioner disputes Plaintiff's claims and contends that the ALJ's decision is supported by substantial evidence and must be affirmed.

## III.   THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Ortiz v. Sec'y of HHS, 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of HHS, 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of HHS, 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings of fact. Id. The court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings. Id.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A.    Treating Physicians

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise.  See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d).  If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight.  20 C.F.R. § 404.1527(d)(2).  The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. See Keating v. Sec'y of HHS, 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments.  See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986).  When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and

the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion.  20 C.F.R § 404.1527(c).  However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion.  See 20 C.F.R. § 404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled.  However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability.  20 C.F.R. § 404.1527(e).  The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner.  20 C.F.R. § 404.1527(e).  See also Dudley v. Sec'y of HHS, 816 F.2d 792, 794 (1st Cir. 1987).

## B.    Developing the Record

The ALJ has a duty to fully and fairly develop the record.  Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991).  The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained.  See 42 U.S.C. § 406; Evangelista v. Sec'y of HHS, 826 F.2d 136, 142 (1st Cir. 1987).  The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is

represented by counsel.  Id.  However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty.  See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C.   Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986).  In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision.  Carrillo Marin v. Sec'y of HHS, 758 F.2d 14, 17 (1st Cir. 1985).

### D.   The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, she is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her residual functional

capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of HHS, 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

### E.    Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities

available to a claimant.  Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989).  This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids").  Seavey, 276 F.3d at 5.  Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors.  Id.; see also Heckler v. Campbell, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills.  Nguyen, 172 F.3d at 36.  In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert.  Heggarty, 947 F.2d at 996.  It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy.  See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981).  In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1.    Pain

"Pain can constitute a significant non-exertional impairment."  Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms

alleged.  42 U.S.C. § 423(d)(5)(A).  The ALJ must consider all of a claimant's statements about

his symptoms, including pain, and determine the extent to which the symptoms can reasonably

be accepted as consistent with the objective medical evidence.  20 C.F.R. § 404.1528.  In

determining whether the medical signs and laboratory findings show medical impairments

which reasonably could be expected to produce the pain alleged, the ALJ must apply the First

Circuit's six-part pain analysis and consider the following factors:

> (1)     The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
>
> (2)     Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
>
> (3)     Type, dosage, effectiveness, and adverse side-effects of any pain medication;
>
> (4)     Treatment, other than medication, for relief of pain;
>
> (5)     Functional restrictions; and
>
> (6)     The claimant's daily activities.

Avery v. Sec'y of HHS, 797 F.2d 19, 29 (1st Cir. 1986).  An individual's statement as to pain is

not, by itself, conclusive of disability.  42 U.S.C. § 423(d)(5)(A).

**2.     Credibility**

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must

articulate specific and adequate reasons for doing so, or the record must be obvious as to the

credibility finding.  Rohrberg, 26 F. Supp. 2d at 309.  A reviewing court will not disturb a

clearly articulated credibility finding with substantial supporting evidence in the record.  See

Frustaglia, 829 F.2d at 195.  The failure to articulate the reasons for discrediting subjective pain

testimony requires that the testimony be accepted as true.  See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case.  See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982).  If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding."  Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

## V.    APPLICATION AND ANALYSIS

### A.    The ALJ's Decision

The ALJ rendered his decision on Plaintiff's DIB application under the familiar five-step sequential evaluation process, see 20 C.F.R. § 404.1520, finding that Plaintiff had not engaged in substantial gainful activity from June 23, 2016, his alleged onset date, through December 31, 2017, his date last insured ("DLI").  (Tr. 17).  The ALJ found that Plaintiff's spine disorders, knee disorder/osteoarthritis, shoulder disorder, depressive disorder, anxiety disorder and post-traumatic stress disorder were severe, but that they did not meet or medically equal any listed impairment.  (Tr. 17-18).  The ALJ determined that Plaintiff retained the RFC to perform less than a full range of light work, as defined in 20 C.F.R. § 404.1567(b), due to the following limitations:

> he was limited to occasional stooping, crouching, crawling and kneel, could frequently balance, could occasionally climb ramps and stairs but could not climb ropes, ladders and scaffolds. He needed to avoid concentrated exposure to extreme vibration and extreme cold, and to workplace hazards such as dangerous

machinery (excluding motor vehicles) and unprotected heights.
The claimant could have only occasional contact with the public
and superficial contact with co-workers.

(Tr. 20).  At Step 4, the ALJ found that Plaintiff could not return to his past relevant work as a

roofer or a construction worker.  (Tr. 26).  Finally, at Step 5, the ALJ relied on the vocational

expert's testimony to find that Plaintiff could perform other work as a sorter, housekeeper, or

hand packer, all jobs existing in significant numbers in the national economy.  (Tr. 26-28).

Accordingly, the ALJ concluded that Plaintiff was not disabled under the Act.  (Tr. 28).

**B.      The ALJ's Findings are Fully Supported by the Record**

Plaintiff first challenges the ALJ's decision to base his RFC finding on the opinion of

Dr. Callaghan, a state agency consulting physician.   In particular, Plaintiff points out the

apparent disconnect between Dr. Callaghan's opinion that he could stand/walk up to six hours

per day through December 31, 2017, his DLI for DIB and his opinion that the limit was only

three hours per day post-DLI.   The Commissioner makes the familiar and well supported

argument that it is the ALJ's province to weigh conflicting medical opinions, that Dr.

Callaghan's opinion is clear and supported by the record and that it represents substantial

evidence in support of the ALJ's RFC finding.

Plaintiff's argument is primarily based on a notation in the summary portion of Dr.

Callaghan's opinion as follows: "DDD LS, OA KNEE with persistent pain and limping gait 12

months post surgery."  (Tr. 129).  The notation is followed by a reference to a note from a

January 2018 Veterans Administration orthopedic office visit.  Id.  Since the surgery took place

on December 15, 2016, Plaintiff posits that the "simple application of logic" means that those

symptoms were present prior to the DLI and thus the three-hour stand/walk limitation was also

necessarily present.  (ECF No. 10 at p. 8).  The 2018 orthopedic visit is documented in Exhibit

B5F (Tr. 831-833) and is described as a January 22, 2018 appointment for left knee pain.  At the visit, Plaintiff reported knee pain for many years exacerbated by a "recent" slip on ice.  (Tr. 831).  His knee was stable on exam with a negative McMurray's test, no patellar maltracking, and a negative patellar grind test.  (Tr. 832).  He declined a referral to PT for quad strengthening.  Id.  Plaintiff reported pain at 4 out of 10 and described it as acceptable.  Id. The underlying records are simply not supportive of Plaintiff's argument.

In addition, the ALJ thoroughly addressed this issue in his decision and adequately explained why he found Dr. Callaghan's pre-DLI opinion to be persuasive and the post-DLI opinion to be less persuasive. The ALJ accurately identified inconsistencies between Dr. Callaghan's post-DLI opinion and the underlying medical records.  (Tr. 25, n.3).  In addition to the January treatment note discussed above, the records reflect that Plaintiff was medically cleared to resume activities post-surgery on August 18, 2017.  (Tr. 876-877).  In addition, in March 2018, he reported knee pain with running and that he was able to do most activities but indicated that pain limited his running.  (Tr. 1044).  Plaintiff has shown no error in the ALJ's evaluation of Dr. Callaghan's opinions or his RFC assessment.

Plaintiff next challenges the ALJ's evaluation of the VE expert testimony.  In overruling Plaintiff's counsel's objection to the use of the VE's job numbers (Tr. 92), the ALJ determined that the VE had professional knowledge and experience in job placement as a vocational rehabilitation counselor (Tr. 27); see (Tr. 273-275).  Further, the ALJ noted that the VE used sources of information of which the SSA takes administrative notice – Dictionary of Occupational Titles (DOT) and information from the U.S. Department of Labor, Bureau of Labor Statistics (BLS).  (Tr. 27, 91); 20 C.F.R. § 404.1566(d). Accordingly, the ALJ overruled Plaintiff's objection.  (Tr. 27).  Also, at the hearing, Plaintiff's counsel stated he had no

-13-

objection to the VE's qualifications as a vocational rehabilitation expert, but then claimed he meant he had no objection to the VE's qualifications as a vocational rehabilitation counselor. (Tr. 80, 95).  In his brief, Plaintiff again states he does not object to the VE's qualifications as a vocational rehabilitation expert.  (ECF No. 10 at p. 9).  Nonetheless, Plaintiff's sole objection centers on whether the VE was qualified to provide job numbers.  Id. at pp. 9-10.

Plaintiff cites to no legal authority to support his position and does not address the Supreme Court's recent relevant ruling.  In Biestek v. Berryhill, 139 S. Ct. 1148, 1154-1157 (2019), the Supreme Court considered the reliability of VE testimony. The Supreme Court acknowledged that the ALJs often rely on VEs who, in order to be qualified, must have expertise and current knowledge of the working conditions and physical demands of various jobs; knowledge of the existence and numbers of these jobs in the national economy; and involvement in, or knowledge of, placing adult workers with disabilities into jobs.  Id. at 1152 (citing Hearings, Appeals, and Litigation Law Manuel (HALLEX) I-2-1-31.B.1, at 2016 WL 3382786). Thus, before a VE is even considered qualified by the SSA, the VE must show knowledge of the existence of job numbers in the national economy.  Here, it is undisputed that the VE has worked in the vocational rehabilitation field since 1973, including both counselor and supervisory positions at the Massachusetts Rehabilitation Commission.  (Tr. 274).  His resume states that his position as a vocational rehabilitation counselor has included the responsibility to "provide and coordinate job placement services and conduct labor market surveys."  Id.  Plaintiff has not shown the VE failed to meet the standard set by the SSA.

Plaintiff appears to object to the VE's qualifications in extrapolating job numbers from the BLS into the corresponding DOT codes without additional experience beyond being a vocational rehabilitation counselor.  (ECF No. 10 at p. 9); (Tr. 92, 95).  He fails to cite to any

authority that the VE must have professional qualifications specifically as a labor market statistician in order for his opinion testimony to constitute substantial evidence.  In Biestek, similar to this case, the VE based her testimony regarding job availability on the DOT, the BLS and her professional experience with labor market surveys.  Biestek, 139 S. Ct. at 1153. The Supreme Court refused to adopt a categorical rule that the VE must provide supporting data upon request in order to constitute substantial evidence.  Id. at 1153-1154.  In fact, the Supreme Court concluded that "even without significant testing, a factfinder may conclude that testimony has sufficient indicia of reliability to support a conclusion about whether an applicant could find work."  Id. at 1157.  A claimant may probe the strength of a VE's testimony by asking that expert about his sources and methods, where he got the information at issue, and how he analyzed it and derived his conclusions.  Id. at 1156.  Moreover, the Supreme Court stressed that the ALJ's factual findings are reviewed to determine whether they are supported by substantial evidence and "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high."  Id. at 1154.  The Supreme Court held that the ALJ's decision must be reviewed on a case-by-case basis, taking into account all the features of the VE's testimony, the rest of the administrative record and deferring to the presiding ALJ.  Id. at 1157.

Here, the VE explained that when calculating the number of jobs available in the national economy based on the DOT code, he used the numbers published from the BLS as well as his professional experience working with clients who have performed these types of jobs, talking to employers, reviewing job descriptions and other things of that nature – i.e., labor market surveys and job placement services.  (Tr. 91, 274).  Further, the VE relied on informational sources that the SSA has long deemed reliable in determining whether jobs exist

in significant numbers in the national economy – the DOT and BLS.  20 C.F.R. § 404.1566(d).

The use of this information supports the ALJ's determination to rely on the VE's testimony.

See Biestek, 139 S. Ct. at 1156 (may consider sources used by expert in assessing strength of

testimony). Further, Plaintiff did not question the VE regarding his method for extrapolating

data from BLS to the DOT codes.  (Tr. 91).  The VE's experience here is sufficient under

Biestek to support the ALJ's finding of reliability; thereby meeting the substantial evidence

standard.  Biestek, 139 S. Ct. at 1155-1157.  Plaintiff has not presented any evidence that the

VE's testimony is unreliable or that the ALJ should have questioned the VE's status as qualified

under the SSA's standards.  See HALLEX I-2-1-31.B.1, at 2016 WL 3382786 (VE must have

current knowledge of the existence of job numbers in the national economy). Based on the VE's

lengthy experience in the vocational rehabilitation field and his reliance on the DOT and BLS,

the ALJ appropriately concluded the VE's testimony was reliable.  (Tr. 27-28).  Therefore, the

testimony constitutes substantial evidence to support the ALJ's Step 5 findings.  See Biestek,

139 S. Ct. at 1154 (substantial evidence "means – and means only – 'such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion'" (quoting Consolidated

Edison, 305 U.S. at 229)).

## CONCLUSION

For the reasons discussed herein, I recommend that Plaintiff's Motion to Reverse (ECF

No. 10) be DENIED and that the Commissioner's Motion to Affirm (ECF No. 12) be

GRANTED.  I further recommend that Final Judgment enter in favor of Defendant.

Any objection to this Report and Recommendation must be specific and must be filed

with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv

72.  Failure to file specific objections in a timely manner constitutes waiver of the right to

review by the District Court and the right to appeal the District Court's decision.  See <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, In. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 28, 2020